UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Erin Froehlich<br>103 W. Como Avenue<br>Columbus, OH 43202<br><br>    Plaintiff.<br><br>v.<br><br><br>Equifax Information Services LLC<br>c/o Corporation Service Company<br>50 West Broad Street<br>Suite 1330<br>Columbus, OH 43215<br><br>AND<br><br>Trans Union LLC<br>c/o The Prentice-Hall Corporation System,<br>Inc.<br>50 W. Broad St., Suite 1800<br>Columbus, Ohio 43215<br><br>AND<br><br>National Credit Systems, Inc.<br>CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>    Defendants. | Case No.  2:21-CV-1821<br><br>District Judge<br><br>Magistrate Judge<br><br>**<u>JURY DEMAND ENDORSED HEREIN</u>** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Plaintiff Erin Froehlich's personal knowledge, the investigation of counsel, and information and belief.  Plaintiff, through counsel, alleges as follows:

1

**I. INTRODUCTION**

1. On or about January 2021, a tradeline for The Quarry Regional Billing SE reported by National Credit Systems, Inc. ("National Credit") appeared on Ms. Froehlich's credit report for TransUnion, Equifax, and Experian.

2. The tradeline falsely reported in 2021 that Ms. Froelich was referred to collections to collect $130 for an account with "The Quarry" that was past due.

3. This false reporting lowered her credit score by nearly 30 points.

4. Ms. Froehlich finished her lease term at The Quarry years ago and paid all amounts owed pursuant to the lease.

5. When Ms. Froehlich vacated the premises, The Quarry returned a portion of her security deposit.

6. The return of a security deposit only occurs if there is no balance due after the end of a lease term.

7. Ms. Froehlich does not owe The Quarry or National Credit System anything.

8. Ms. Froelich disputed the reporting with all three credit reporting services on or about January 28, 2021.

9. Only Experian deleted the false tradeline.

10. National Credit Systems furnished false, misleading, and inaccurate information to credit reporting agencies regarding Ms. Froehlich and failed to conduct a reasonable reinvestigation of her account upon notice in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

11. Trans Union, LLC ("TransUnion") and Equifax Information Services, LLC ("Equifax") knowingly reported false, misleading and inaccurate information related to the alleged consumer debt obligation on Ms. Froehlich's credit report in violation of the FCRA.

12. As a result of Defendants' violations of the FCRA, Ms. Froehlich is entitled to have her credit report corrected, her actual damages including the cost of sending the credit dispute letters, and her attorney fees and costs.

## II. JURISDICTION

13. This Court has jurisdiction for all Counts pursuant to the FCRA, 15 U.S.C. § 1681 and 28 U.S.C. 1331.

14. This Court has personal jurisdiction over the Defendants because the Defendants transact business within this District, the Lease was incurred within this District, and the property which was the subject of the Lease is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

## III. VENUE & CHOICE OF LAW

15. The alleged formation of the consumer contract lease took place in the Southern District of Ohio.

16. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2).

17. The subject matter of the alleged consumer contract is for services for individual purposes that are primarily for personal, family or household use in the Southern District of Ohio.

## IV. PARTIES

18. Plaintiff Erin Froehlich is a natural person who resides within this Court's jurisdiction at 103 W Como Avenue, Columbus, OH 43202.

19. Ms. Froehlich is a **consumer** within the meaning of the FCRA at 15 U.S.C. §1681a(c); TILA at 15 U.S.C. § 1602i and the CSPA at R.C. § 1345.01(D).

*

20. Defendant National Credit Systems is a Georgia Corporation.

21. National Credit Systems was and is a person within the meaning of the FCRA at 15 U.S.C. §1681a(b)

*

22. Defendant TransUnion is a company with its principal place of business in the State of California.

23. Defendant Trans Union was and is a **credit reporting agency** ("CRA") within the meaning of the FCRA 15 U.S.C. § 1681a(f) at all times relevant to this transaction.

24. Defendant TransUnion was and is a **person** within the meaning of the FCRA 15 U.S.C. § 1681a(b) at all times relevant to this transaction.

*

25. Defendant Equifax is a company incorporated under the laws of the State of Georgia.

26. Defendant Equifax was and is a **person** within the meaning of the FCRA 15 U.S.C. § 1681a(b) at all times relevant to this transaction.

27. Defendant Equifax was and is a **credit reporting agency** ("CRA") within the meaning of the FCRA 15 U.S.C. § 1681a(f) at all times relevant to this transaction.

## V. FACTUAL ALLEGATIONS

28. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

29. Between October 2016 and July 2018, Ms. Froehlich lived at the Quarry located in Columbus, Ohio pursuant to a lease agreement.

30. Ms. Froehlich complied with the lease agreement and does not owe the Quarry any sum of money.

31. In January 2021, without notice, National Credit Systems started reporting a collection account on Ms. Froelich's credit and the same appeared as a tradeline on all three of her credit reports.

32. The misleading tradeline lowered Ms. Froehlich's credit score by nearly 30 points.

33. Because of National Credit System's actions, Ms. Froehlich was forced to retain counsel to repair her credit.

34. TransUnion reported a National Credit Systems tradeline on Ms. Froehlich's credit report identifying an erroneous amount due, an erroneous status as a Collection Account, misleading information concerning percentage paid off, monthly payment, past due amount, and original amount among other misleading and false information.

35. Equifax reported a National Credit Systems tradeline on Ms. Froehlich's credit report identifying an erroneous amount due, an erroneous status as a Collection Account, misleading information concerning percentage paid off, monthly payment, past due amount, and original amount among other misleading and false information.

36. On or about January 28, 2021, Ms. Froehlich mailed Equifax, TransUnion and Experian credit dispute letters pursuant to the FCRA.

37. Experian deleted the tradeline.

38. TransUnion failed to permanently delete or correct the false and misleading National Credit Systems tradeline from Ms. Froehlich's credit report within the time allotted pursuant to the FCRA.

39. TransUnion did not conduct a reasonable reinvestigation as required by the FCRA.

40. Equifax failed to delete or correct the false and misleading National Credit Systems tradeline from Ms. Froehlich's credit report within the time allotted pursuant to the FCRA.

41. Equifax did not conduct a reasonable reinvestigation as required by the FCRA.

42. Ms. Froehlich's credit score was adversely affected due to Defendants' actions.

43. The cost of sending the January 28, 2021 letters to TransUnion and Equifax was $250.

44. The cost of mailing the letters to TransUnion and Equifax was $16.50.

45. Due the actions of Defendants, Ms. Froehlich suffered a lower credit score, higher interest rate availability, the cost of sending the letters, emotional distress, including anxiety.

## VI. FIRST COUNT – NATIONAL CREDIT SYSTEMS FCRA VIOLATIONS

46. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

47. For all the reasons stated herein, National Credit Systems violated FCRA and is liable to Ms. Froehlich for damages.

48. National Credit Systems violated 15 U.S.C. 1681s-2(a)(1)(A) by reporting information relating to a consumer to Credit Reporting Agencies knowing or having reason to know the information was inaccurate.

49. National Credit Systems violated 15 U.S.C. 1681s-2(a)(1)(B) by reporting information to Credit Reporting Agencies after receiving notice that the information was inaccurate.

50. Ms. Froehlich's credit score has been damaged as a result of National Credit System's actions.

51. National Credit Systems maintained no reasonable policies nor procedures to comply with 15 U.S.C. § 1681s-2(a)(7)F.

52. Due to these violations, National Credit Systems is liable to Ms. Froehlich in the amount of her actual damages, punitive damages in excess of $5,000, plus attorney fees, and the costs of the action, including pursuant to 15 U.S.C. §1681n(a)(3).

## VII. SECOND COUNT – EQUIFAX'S FCRA VIOLATIONS

53. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

54. For all the reasons stated herein, Defendant Equifax violated the FCRA and is liable to Ms. Froehlich for damages.

55. On or about January 28, 2021, Erin Froehlich, by and through counsel and pursuant to 15 U.S. Code § 1681i(a)(1)(A), requested that Equifax conduct a reasonable reinvestigation of the national Credit System/ Quarry tradeline.

56. Equifax failed to perform a reasonable reinvestigation.

57. Equifax violated 15 U.S.C. §1681(i) on multiple occasions by failing to conduct a reasonable reinvestigation and continuing to publish inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies.

58. As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from her credit, higher cost of credit and stress and anxiety related to having lower score when applying for credit or considering applying for credit.

59. Due to these violations, Equifax is liable in the amount of Plaintiff's actual damages plus punitive damages pursuant to 15 U.S.C. §1681n(a) and/or §1681o.

60. Equifax's conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

61. Plaintiff is entitled to recover costs and attorney fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

## XIII. THIRD COUNT – TRANSUNION'S FCRA VIOLATIONS

62. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

63. For all the reasons stated herein, Defendant TransUnion violated the FCRA and is liable to Plaintiff for damages.

64. On or about January 28, 2021, Plaintiff, by and through counsel and pursuant to 15 U.S. Code § 1681i(a)(1)(A), requested that TransUnion conduct a reasonable reinvestigation of the National Credit Systems or Quarry tradeline.

65. TransUnion failed to perform a reasonable reinvestigation.

66. TransUnion violated 15 U.S.C. §1681(i) on multiple occasions by failing to conduct a reasonable reinvestigation and continuing to publish inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies.

67. As a result of the conduct, action, and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from her credit, and the stress and anxiety related to having lower score when applying for credit or considering applying for credit.

68. Due to these violations, TransUnion is liable in the amount of her actual damages plus punitive damages pursuant to 15 U.S.C. §1681n(a) and/or §1681o.

69. TransUnion's conduct, action, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

70. Plaintiff is entitled to recover costs and attorney fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

A. Assume jurisdiction of Plaintiff's claims;

B. Grant judgment in favor of Plaintiff on her claims;

C. Grant Plaintiff the maximum damages she seeks on her counts, including the maximum statutory damages available under each claim where statutory damages are available, and the maximum economic and non-economic damages available, including actual, emotional, general, punitive, and other damages;

D. Award Plaintiff the costs of this litigation, including filing fees and costs;

E. Award Plaintiff attorney's fees;

F. Award such other relief as the Court deems appropriate.


Date April 14, 2021

    Respectfully Submitted,
    Kohl & Cook Law Firm, LLC


    /s/ *Timothy J. Cook*
    Timothy J. Cook (0093538)
    Sean M. Kohl (0086726)
    *Attorneys for Plaintiff*

        1900 Bethel Rd.
        Columbus, OH  43022
        (614) 763-5111 PH
        (937) 813 6057 FAX
        timothy@kohlcook.com

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a jury trial on all triable issues.

        /s/ *Timothy J. Cook*
        Timothy J. Cook (0093538)